IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CURTIS LEE ELLIS,** | § | |
| **(TDCJ No. 02431084),** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-1156-O |
| | § | |
| **THEA LNU,** | § | |
| **MHMR STAFF,** | § | |
| | § | |
|     **Defendants.** | § | |

**MEMORANDUM OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate Plaintiff Curtis Lee Ellis ("Ellis")'s case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the complaint, the Court finds that Plaintiff's claims and allegations against the defendants must be **DISMISSED** with prejudice under authority of these provisions.

**I.    BACKGROUND**

Plaintiff Ellis filed a completed form civil rights complaint with exhibits. Compl. 1-6, 12-15, ECF No. 1.[1] At the time he filed suit, Ellis was already transferred out of the Tarrant County Jail to a Texas Department of Criminal Justice, Corrections Institution Division, but complains of actions taken while he was housed in the Tarrant County Jail. *Id*. at 1, 2-5. He has named as the only defendant a Tarrant County MHMR staff member identified only as "Thea." *Id.* at 1-2. In his statement of claim, Ellis alleges:

On or about 2/11/22 I was improperly housed in a SPC Unit (55-A) (Suicide

---

[1] Ellis submitted duplicate copies of pages 1-6 of his complaint at pages 7-11 of that document.

1

> Precaution) allegedly by a staff member of the Mental Health Department. I was not suicide [sic], nor was it authorized by a providing Dr.. SPC is a single cell, all my clothes were taken, along with all other property. I was in this cell for about 48 hours. This constitutes a clear violation of my constitutional rights. Due Process Clause [sic].

Compl. 4, ECF No. 1. Ellis also alleges: "Thea (Tarrant County Jail MHMR Staff) . . . was responsible for me being housed in SPC erroneously under the XIV Amendment (Liberty). This is a clear display of undue gratuitous restraint. This is also cruel and unusual punishment, which is a violation of the VIII Amendment." *Id*. at 3-4. For relief, Ellis writes "I want to be awarded $100,000 in compensation in addition to any court fees (etc). All financial burdens from this case to be paid by named defendant." *Id.* at 5. Ellis acknowledged at the time he filed the complaint in this case in November 2023, he had filed a prior suit in this District that was resolved on September 11, 2023. *Id.* at 2, *see Curtis Lee Ellis v. MHMR Mental Health Department, et al.("MHMR")*, No. 4:22-cv-855-P (N.D. Tex. Sep. 11, 2023).[2]

## II.     LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a). Because Ellis is proceeding in-forma-pauperis, his pleading is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[2]The Court takes judicial notice of the records of case number 4:22-CV-855-P filed in this same district. *See* Fed R. Evid. Rules 201(b) (2) and (c)(1).

immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

## III.   ANALYSIS – Duplicative Lawsuit

As noted, Ellis filed a prior suit seeking relief under 42 U.S.C. § 1983 against Tarrant County MHMR alleging a complaint over virtually the same underlying facts of a two-day placement in a suicide-prevention housing unit at the Tarrant County Jail. *Ellis v. MHMR*, No. 4:22-cv-855-P (N.D. Tex. Order of Dismissal Sep/11, 2013. In that prior case, Ellis asserted, in part, the same or similar factual events against the same defendant Thea. *See Ellis v. MHMR,* No.4 :22-cv-855-P (Amended Complaint-Docket ECF No. 8). The Court dismissed all claims stated in the amended complaint under 42 U.S.C. § 1983, including claims against Thea on the basis she had not acted with deliberated indifference. *Id.* (September 11, 2023 Order). In particular, the Court wrote:

3

> In his amended complaint, Ellis alleges that Defendant Thea erroneously assigned him to SPU even though he was not suicidal. He contends that, because of her action, he was forced to live in a SPU cell for two days. Ellis alleges that the cell was dirty, saturated in blood and feces, cold, and had no water. See ECF No. 14 at 1, 3 [Questionnaire Answers]. He alleges that he suffered mental and emotional injuries because of his placement there,
>
> Because Ellis only faults Defendant Thea for his two-day stent in SPU and does not challenge the general conditions of his confinement in TCJ, the Court concludes that Ellis's claim challenges an episodic act. As previously noted, to demonstrate that Defendant Thea's episodic act violated his constitutional rights, Ellis must allege that she acted or failed to act with deliberate indifference.
>
> Ellis has not done so. Although he alleges that Defendant Thea assigned him to SPU maliciously, Ellis admits that he cannot prove her intent. See ECF No. 14 at 1 [More Definite Statement]. Moreover, Ellis does not plead *any* facts to show that Defendant Thea knew the SPU cell in which Ellis would be placed presented a substantial risk of serious harm to him. In other words, Ellis does not plead any facts to show that Defendant Thea knew about the alleged unsanitary and unsafe condition of SPU or his specific cell before she assigned him there. And even if Defendant Thea's placement of Ellis in SPU was erroneous, or even negligent, such does [not] constitute deliberate indifference.
>
> For these reasons, the Court concludes that Ellis has not alleged the violation of a constitutional right and, therefore, has failed to state a plausible § 1983 claim against Defendant Thea.

*See Ellis v. MHMR*, (N.D. Tex. Sep. 11, 2023 Order 3-4) (footnotes omitted).

The United States Court of Appeals for the Fifth Circuit has held that ". . . IFP complaints may be dismissed as frivolous pursuant to [former] § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (citations omitted). The Fifth Circuit found no abuse of discretion in a district court's determination that an in-forma-pauperis action similar to one previously dismissed, may be dismissed as frivolous or malicious:

4

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D. Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).

*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (other citations omitted).

Furthermore, principles of *res judicata* serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. *Mcgill v. Juanita Kraft Postal Service,* No. 03-cv-1113-K, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003), *rep. and rec. adopted*, 2003 WL 21467745 (N.D. Tex June 18, 2003). A complaint is thus malicious and subject to dismissal under §§ 1915A and 1915(e)(2)(B) "when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *Id.* (quoting *Pittman v. Moore,* 980 F.2d 994, 994-95 (5th Cir. 1993)).

The present lawsuit includes both repetitive litigation of the same claims asserted against Tarrant County staff member Thea, and new claims against that party which could have been asserted in the prior lawsuit. Most of the allegations in this suit arise from the same common nucleus of operative facts asserted in the prior suit number 4:22-cv-855-P and are thus foreclosed from review in this proceeding as duplicative and under the traditional notions of *res judicata. See generally Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sep.

5

30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action seeks to relitigate claims already decided against the IFP plaintiff . . . or when the action seeks to raise claims that could have been brought on the same facts"); *see also Brown v. Thomas,* No. 3:02-cv-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002) (adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits).

Thus, all of Ellis's claims asserted in this case must be dismissed as frivolous under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i), as they are duplicative of claims that were resolved or could have been previously resolved in Ellis's prior suit.

### IV.   CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Curtis Lee Ellis's claims in this case are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).

**SO ORDERED** this **13th day** of **May, 2024.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE